IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY BALDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-CV-04172-WJE |
| | ) |
| ACADEMY SPORTS + OUTDOOR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant ARG SVJEFMO001's Motion to Dismiss Plaintiff Kimberly Baldridge's First Amended Complaint and suggestions in support.[1] (Docs. 21, 22). Ms. Baldridge has filed suggestions in opposition to the motion (Doc. 26). ARG SVJEFMO001 ("ARG") has not filed a reply and the time to do so has passed. This matter is now ripe for consideration. For the reasons that follow, ARG's Motion to Dismiss will be **DENIED**.

### I. Background

This case arises from a personal injury action and an underlying bankruptcy petition. Kimberly Baldridge was involved in a reported slip and fall incident at Academy Sports + Outdoors in Jefferson City, Missouri, on or about November 11, 2023. On June 27, 2025, Ms. Baldridge filed a lawsuit in the Circuit Court of Cole County seeking compensation for injuries resulting from the incident, alleging that Academy Sports + Outdoors negligently failed to maintain the premises in a safe condition. (Doc. 1-1 at 17). On August 11, 2025, Defendant Academy Sports +

---

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Outdoor removed the case to the Western District of Missouri. (Doc. 1). Ms. Baldridge added ARG as a defendant on September 22, 2025. (Doc. 15). ARG filed the instant Motion to Dismiss on October 21, 2025. (Doc. 21).

Prior to filing suit in state court, Ms. Baldridge and her husband filed for Chapter 13 bankruptcy on May 27, 2025. (Doc. 26-1 at 46). Ms. Baldridge subsequently filed amendments to her Chapter 13 bankruptcy petition on June 25, 2025, and July 7, 2025, and the bankruptcy court entered an Order confirming the Chapter 13 Plan on July 30, 2025. (*See* Doc. 22 at 2). Ms. Baldridge informed the bankruptcy court in her initial petition that she had a personal injury claim and was represented by an attorney, but did not disclose to the bankruptcy court that she had filed the present lawsuit.

## II. Discussion

On October 21, 2025, ARG filed the present Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6), asserting that Ms. Baldridge lacks standing because any cause of action arising before the bankruptcy petition is the property of the bankruptcy trustee, who is responsible for prosecuting it on behalf of the bankruptcy estate. (*See* Doc. 21). Alternatively, ARG contends that Ms. Baldridge should be judicially estopped from pursuing this action because she failed to disclose the lawsuit in her bankruptcy case, thereby gaining an advantage through the resulting discharge. (*Id.*). ARG has filed suggestions in support of the Motion to Dismiss. (Doc. 22). On November 3, 2025, Ms. Baldridge filed suggestions in opposition to the Motion to Dismiss, arguing that her claim was properly before this Court because she informed the bankruptcy court of this suit in the initial petition. (*See* Doc. 26-1 at 18). For the reasons that follow, the Court finds that Ms. Baldridge has standing to bring this lawsuit and judicial estoppel does not apply to this matter.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the power to hear cases only if authorized to do so by both the Constitution and by statute. *Id*. A civil case first brought in state court may be removed only if the federal court could have exercised jurisdiction originally. 28 U.S.C. § 1441(a).

A court deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) must distinguish between a "facial attack" and a "factual attack" on jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). In a facial attack, the court considers only the face of the pleadings and the non-movant "receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* When a factual attack is brought, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of the safeguards placed by Federal Rule of Civil Procedure 12(b)(6). *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018); *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 915 (8th Cir. 2015).

Although matters outside the pleadings may generally not be considered in deciding a Rule 12 motion to dismiss, courts may consider matters of public record without converting the motion into one for summary judgment. *Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017) (internal citations omitted). Bankruptcy petitions are matters of public record. *See, e.g., McCarter v. FD Holdings, LLC*, No. 4:20-CV-3080, 2021 WL 1120998, at *4 (D. Neb. Mar. 24, 2021).

### B. Ms. Baldridge retains standing to bring her personal injury cause of action.

ARG argues that the Court must dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Ms. Baldridge does not have standing to bring this lawsuit and therefore the Court does not have subject matter jurisdiction over her claim. (Doc. 22 at 4-6). Ms.

Baldridge opposes dismissal but does not address ARG's subject matter jurisdiction claim. (Doc. 26 at 1-2). The Court finds that it has subject matter jurisdiction over Ms. Baldridge's claims and that she has standing.

"[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2005). Where "a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Smith v. City of Kansas City, Missouri*, No. 4:23-CV-00231-DGK, 2024 WL 329539, at *1 (W.D. Mo. Jan. 29, 2024) (quoting *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500, 505 (8th Cir. 2018) ("[W]hen there is no Article III case or controversy, and the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the state court from whence it came."). If a district court determines that it lacks subject matter jurisdiction over a case removed from state court, there is "no discretion to dismiss rather than remand an action." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

When an individual files for bankruptcy, a bankruptcy estate is created that includes all of the debtor's "legal or equitable interests . . . in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Under Chapter 13 of the Bankruptcy Code, estate property includes the filer's legal or equitable interests in property "acquire[d] after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of [the bankruptcy] title, whichever occurs first." 11 U.S.C. § 1306(a)(1). "[A]ll causes of action that the debtor could have brought at the time of the bankruptcy petition" are subsumed into the bankruptcy estate. *U.S.*

*ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001). Chapter 13 of the Bankruptcy Code provides that "[e]xcept as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b). Further, when a court confirms a Chapter 13 plan, "the estate 'vests' in the debtor." *Hughes v. Canadian Nat'l Ry. Co.*, 105 F.4th 1060, 1066 (8th Cir. 2024); 11 U.S.C. § 1327. The Federal Rules of Bankruptcy Procedure permit either "the trustee or the debtor in possession" to "commence and prosecute in any tribunal an action or proceeding on the estate's behalf." Fed. R. Bank. P. 6009.

According to the facts alleged in her Amended Complaint, Ms. Baldridge's personal injury cause of action accrued on or about November 11, 2023. (Doc. 26 at 1); *see CTPS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014) (noting that a personal injury claim accrues when the injury occurs or becomes apparent to the claimant). She filed her Chapter 13 bankruptcy petition on May 27, 2025. (Doc. 26-1 at 46). The instant lawsuit was filed in state court on June 27, 2025. (Doc. 1-1 at 17). Even if Ms. Baldridge's personal injury claim became part of the bankruptcy estate at the time she filed her petition, as a Chapter 13 debtor, she retained possession of the property in the bankruptcy estate. *See Dufrene v. ConAgra Foods, Inc.*, 196 F. Supp. 3d 979, 982 (D. Minn. 2016). Neither party has submitted any evidence that the bankruptcy court has issued an order to the contrary regarding possession of the property. (Doc. 22-1 at 54-67); *see* 11 U.S.C. § 1306(b) (noting that unless provided otherwise by a confirmed plan, a Chapter 13 debtor remains in possession of all estate property). Ms. Baldridge initiated her state court lawsuit before the bankruptcy court confirmed her plan and vested the estate property in her, but as a Chapter 13 debtor, she retained possession of estate property throughout the process. Furthermore, the Federal Rules of Bankruptcy Procedure permit Ms. Baldridge, as the "debtor in possession" to "commence

and prosecute in any tribunal an action or proceeding on the estate's behalf." Fed. R. Bank. P. 6009.

Accordingly, the Court finds that Ms. Baldridge has standing to bring her claims against the defendants.

## C. The doctrine of judicial estoppel does not apply.

ARG argues that Ms. Baldridge is judicially estopped from bringing this lawsuit because she did not disclose her claims to the bankruptcy court. (Doc. 22 at 6-10). Ms. Baldridge asserts that she informed the bankruptcy court of the claim's existence. (Doc. 26 at 2). The Court finds that judicial estoppel does not apply to this case.

Judicial estoppel is an equitable doctrine intended to protect the integrity of judicial proceedings. *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another place." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks omitted) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Equity most clearly demands the application of judicial estoppel where "the attempted assertion of a 'contrary position' 'prejudices the party who acquiesced in the position formerly taken.'" *Hughes*, 105 F.4th 1068 (citing *Stallings*, 447 F.3d at 1047). There are three factors that go into this analysis:

> First, a party's later position must be *clearly inconsistent* with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Stallings*, 447 F.3d at 1047 (citing *New Hampshire*, 532 U.S. at 750-51).

A party may be judicially estopped from asserting a cause of action after the bankruptcy proceedings have ended if that cause of action was not disclosed to the bankruptcy court. *Stallings*, 447 F.3d at 1047. Throughout the period of a bankruptcy court confirming a plan, debtors have "an ongoing obligation to disclose new assets to the court." *Hughes*, 105 F.4th at 1066-67; 11 U.S.C. § 1306(a)(1)-(2). New assets will inform the parties and the court as to whether "plan modification or conversion to Chapter 7 may be appropriate." *Hughes*, 105 F.4th at 1067.

In this case, the Court need not go past the first factor enumerated by the Eighth Circuit in *Stallings* to determine that the doctrine of judicial estoppel does not apply. The first factor requires a court to determine that a party's later position is "*clearly inconsistent*" with its earlier position. *Stallings*, 447 F.3d at 1047. Here, Ms. Baldridge informed the bankruptcy court of "[p]ersonal [i]njury lawsuit for Kimberly Baldridge, represented by Gary Mack, 10 S Jackson St, Bellvill[sic], IL 62220" in her initial bankruptcy filing. (Doc. 22-1 at 18; Doc 26-1 at 18). Filing this lawsuit in state court aligns with the position Ms. Baldridge took in bankruptcy court, as she disclosed the potential claim and her representation to the bankruptcy court. Listing the amount owed from the lawsuit as "unknown" was reasonable under the circumstances. (Doc. 26-1 at 18; Doc 22-1 at 18). Ms. Baldridge has not adopted inconsistent positions in separate courts, contrary to ARG's assertion.

ARG argues that Ms. Baldridge's representation that she had "**no pending** personal injury action" is the same as a denial that the claim existed. (Doc. 22 at 8). ARG argues that this case is similar to *Hughes*, where the Eighth Circuit addressed a Chapter 13 bankruptcy debtor's failure to disclose a potential lawsuit to the bankruptcy court. 105 F.4th at 1069. However, this case differs from *Hughes*. In that case, the debtor's cause of action accrued while he was making payments toward his bankruptcy plan. *Id.* at 1063. He failed to disclose that cause of action to the bankruptcy

court, and later brought his claims in court. *Id.* at 1063-64. The Eighth Circuit held that the debtor was judicially estopped from bringing his claim due to his failure to disclose. *Id.* at 1069. Here, Ms. Baldridge clearly disclosed her potential lawsuit to the bankruptcy court. She did not fail to disclose it "tantamount to a denial of the claim's existence." *Hughes*, 105 F.4th at 1069.

While it may have been advisable for Ms. Baldridge to update the bankruptcy court regarding the commencement of this state court lawsuit, her actions do not rise to the level of taking an inconsistent position intended to mislead the bankruptcy court. The record shows that Ms. Baldridge disclosed her personal injury claim to the bankruptcy court and listed the amount as "unknown," which satisfied her disclosure obligations under the circumstances. (Doc. 26-1 at 18; Doc 22-1 at 18).

ARG argues that Ms. Baldridge will gain an unfair advantage if she is permitted to "seek damages from a defendant against whom she has admitted she has no claims." (Doc. 22 at 8). However, ARG does not explain how it will be prejudiced or harmed. Although actual prejudice is not a requirement of judicial estoppel, "in these circumstances, with no prejudice to the [party] asserting judicial estoppel and no other showing of harm or unfairness," there is no reason to apply judicial estoppel. *Hughes*, 105 F.4th at 1070. Accordingly, the doctrine of judicial estoppel does not apply.

### III. Conclusion

Accordingly, IT IS, THEREFORE, ORDERED that ARG's Motion to Dismiss the Complaint is DENIED.

Dated this 19th day of November 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge